Matthew C. Clark, Esq. (SBN 218784)
Chad J. A. Boyles, Esq. (SBN 276508)
CHAIN | COHN | STILES
1731 Chester Avenue
Bakersfield, CA 93301
Email: mclark@chainlaw.com
        cboyles@chainlaw.com
Telephone: (661) 323-4000
Facsimile: (661) 324-1352

Attorneys for Plaintiffs, William Lee Johnson
and Joan Johnson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM LEE JOHNSON, an incompetent
adult, by and through his Guardian ad
Litem, Jerrad Johnson; JOAN JOHNSON,

                    Plaintiffs,

        v.

RUSH ENTERPRISES, INC. D.B.A.
MOMENTUM FUEL TECHNOLOGIES;
CARLETON TECHNOLOGIES, INC.;
COBHAM PLC; PAPÉ TRUCKS, INC.;
DOES 1 TO 100, INCLUSIVE

                    Defendants.

CASE NO.

COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL

## **INTRODUCTION**

1.      This is a civil action arising out of the severe personal injuries sustained by
Plaintiff, WILLIAM LEE JOHNSON, on December 21, 2018 in Buttonwillow, unincorporated
Kern County, California, caused by an explosion during the fueling of a compressed natural gas
cylinder that was part of the fueling system for a commercial vehicle.

2.     Plaintiff, WILLIAM LEE JOHNSON, an incompetent adult, by and through Jerrad Johnson, brings this products liability and general negligence action for the injuries he sustained as a result of the incident.

3.     Plaintiff, JOAN JOHNSON, the lawful wife of plaintiff, WILLIAM LEE JOHNSON for 37 years, brings this action based upon the loss of consortium damages she sustained resulting from her husband's injuries.

## COMPLAINT FOR DAMAGES

Plaintiffs, WILLIAM LEE JOHNSON, an incompetent adult by and through his Guardian ad Litem, Jerrad Johnson, and JOAN JOHNSON, for their Complaint against RUSH ENTERPRISES, INC. D.B.A. MOMENTUM FUEL TECHNOLOGIES; CARLETON TECHNOLOGIES, INC.; COBHAM PLC; PAPÉ TRUCKS, INC.; and DOES 1 to 100, inclusive, allege as follows:

## PARTIES

4.     At all times relevant herein, plaintiff, WILLIAM LEE JOHNSON, an incompetent adult by and through his Guardian ad Litem, Jerrad Johnson ("hereinafter "Mr. Johnson"), is and was an individual residing in the County of Kern, State of California, and thus is a citizen of California.

5.     At all times relevant herein, plaintiff, JOAN JOHNSON (hereinafter "Mrs. Johnson"), is and was an individual residing in the County of Kern, State of California, and thus is a citizen of California.

6.     Defendant, RUSH ENTERPRISES, INC. is a corporation organized under the laws of Texas, with its principal place of business in Texas, and doing business at all relevant times herein as MOMENTUM FUEL TECHNOLOGIES ("Momentum"). Momentum is therefore a citizen of Texas. Momentum is a compressed natural gas fuel system manufacturer.

7.      Defendant, CARLETON TECHNOLOGIES, INC. ("Carleton") is a corporation organized under the laws of Delaware, with its principal place of business in Maryland. Carleton is therefore a citizen of Delaware and Maryland. Carleton is a designer and manufacturer of pressure vessels.

8.      Defendant, COBHAM PLC ("Cobham plc"), is a foreign for-profit manufacturing company organized under the laws of England, and with its principal place of business located at Brook Road, Wimborne Minster, Dorset, BH21 2BJ, United Kingdom. Cobham plc is therefore a citizen of England. Cobham plc does business within the United States, including California.

9.      Defendant, PAPÉ TRUCKS, INC. ("Papé"), is a corporation organized under the laws of Oregon, and with its principal place of business in Oregon. Papé is thus a citizen of Oregon. At all times relevant herein, Papé was a commercial vehicle manufacturer authorized to conduct business and conducting business in the State of California.

10.     The true names of Defendants, DOES 1 to 100, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

11.     This Honorable Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1) as no Defendant is a citizen of the same state as any Plaintiff, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

12.     This Honorable Court has personal jurisdiction over each Defendant in this action as each Defendant has sufficient contacts with the State of California, including doing business in

California and intending their designed, manufactured or sold products for use within the jurisdictional boundaries of California.

13.     Venue is proper under 28 U.S.C. §1391 as a substantial portion of the events and circumstances giving rise to Plaintiffs' claims occurred in the Eastern District of California

**FACTS COMMON TO ALL CAUSES OF ACTION**

14.     At all times relevant herein, Mr. Johnson and his lawful wife, Mrs. Johnson, were the owners of B & N Trucking, Inc., a California corporation.  B & N Trucking, Inc.  is and was the lawful purchaser and owner of the Kenworth tractor with Vehicle Identification Number 1NKYD39X3KJ294692 ("Tractor") which was outfitted with a compressed natural gas fueling system affixed to the rear and passenger-side of the passenger cabin ("CNG System").  This Tractor and CNG System were purchased only days before the December 21, 2018, incident.

15.     The CNG System was comprised of three (3) carbon fiber cylinders stacked vertically in a rack affixed to the rear of the passenger cabin. These cylinders were enclosed in a metal box, and were connected with various lines, valves and pressure relief devices.

16.     This particular system also included one (1) side-belly cylinder affixed to the passenger side of the tractor.

17.     Defendant Momentum designed and manufactured the CNG System, including the mounting rack, manifold and control panel. Further, Plaintiffs are informed and believe that employees of defendant Momentum installed the CNG System onto the Tractor.  This installation took place at the Kenworth dealer that sold Plaintiffs the tractor, Papé Trucks, Inc.

18.     Defendants Carleton and Cobham plc designed and manufactured the carbon fiber cylinders used in the CNG System, including the cylinder which ruptured/exploded.

19.     Defendant Papé sold the Tractor, complete with the CNG System, to B & N Trucking, Inc. B & N Trucking, Inc. made one payment to Pape, that included the cost of the Kenworth tractor and Momentum designed and manufactured CNG system.

20.     The Tractor and CNG System were brand new at the time of the incident.

21.     As Mr. Johnson was fueling the Tractor for the very first time at a CNG facility in Buttonwillow, California, one of the cylinders located behind the passenger cabin ("Subject Cylinder") ruptured ("Incident").

22.     A catastrophic release of pressure occurred causing a shock wave to emanate outward.

23.     Mr. Johnson, who was standing within a few feet of the CNG System and Subject Cylinder at the time of rupture, as is required to fuel the Tractor, sustained severe personal injuries including brain damage and multiple fractures.

24.     The shock wave was so powerful that portions of the Tractor and CNG System flew hundreds of feet in every direction, the Tractor was destroyed and the surrounding CNG fueling facility sustained major structural damage.

25.     When fueling the Momentum CNG System all four cylinders were filled simultaneously.

26.     Plaintiffs are informed and believe that the cylinders were not fully filled at the time of rupture and had not yet reached capacity.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**(Strict Products Liability – Manufacturing/Design Defect)**
**(Plaintiff William Lee Johnson Against Defendants Momentum,**
**Carleton, Cobham plc, Papé and Does 1 to 100, inclusive)**

27.     The foregoing allegations are incorporated as if re-alleged fully herein.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

28.     At all times relevant herein, defendants Momentum, Carleton, Cobham plc, Papé, and Does 1 to 100, inclusive, were engaged in the business of designing, manufacturing, assembling, testing, inspecting, distributing, installing, and/or selling compressed natural gas fueling systems, cylinders or vehicles containing same.

29.     Defendants, Momentum, Carleton, Cobham plc, Papé, and Does 1 to 100, inclusive, designed, manufactured, assembled, tested, inspected, installed, distributed and/or sold the CNG System, Subject Cylinder, and each of their component parts.

30.     At all times relevant herein, the CNG System and Subject Cylinder were defective and unreasonably dangerous as to their design, manufacture, installation, distribution and/or warnings, causing the CNG System and Subject Cylinder to be in a defective condition that made them unreasonably dangerous for their intended uses, such that the Subject Cylinder ruptured causing severe personal injuries.

31.     The CNG System and Subject Cylinder contained design and/or manufacturing defect(s) when they were introduced into the stream of commerce by defendants, Momentum, Carleton, Cobham plc, Papé, and Does 1 to 100, inclusive.

32.     The CNG System and Subject Cylinder failed to perform as safely as an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

33.     The CNG System and Subject Cylinder were being used in their respective intended and/or reasonably foreseeable manners when the Incident occurred.

34.     At all times relevant herein, defendants, Momentum, Carleton, Cobham plc, Papé, and Does 1 to 100, inclusive, and each of them, were aware of feasible alternative designs which would have minimized or eliminated altogether the risk of injury posed by the CNG System and/or Subject Cylinder. The risk of danger in the products' designs outweighed any benefits of the designs.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

35.     The defects in the design and/or manufacture of the CNG System, Subject Cylinder, and their component parts were a substantial factor in causing Mr. Johnson's injuries and damages as alleged herein.

36.     Plaintiff seeks compensatory damages under this claim.

**SECOND CLAIM FOR RELIEF**
**(Strict Products Liability – Failure to Warn)**
**(Plaintiff William Lee Johnson Against Defendants Momentum,**
**Carleton, Cobham plc, Papé and Does 1 to 100, inclusive)**

37.     The foregoing allegations are incorporated as if re-alleged fully herein.

38.     At all times relevant herein, defendants Momentum, Carleton, Cobham plc, Papé, and Does 1 to 100, inclusive, were engaged in the business of designing, manufacturing, assembling, testing, inspecting, distributing, installing, and/or selling compressed natural gas fueling systems, cylinders or vehicles containing same.

39.     Defendants, Momentum, Carleton, Cobham plc, Papé, and Does 1 to 100, inclusive, designed, manufactured, assembled, tested, inspected, installed, distributed and/or sold the CNG System, Subject Cylinder, and each of their component parts.

40.     The CNG System and Subject Cylinder contained design and/or manufacturing defect(s) when they were introduced into the stream of commerce by defendants, Momentum, Cobham Systems, Cobham plc, Papé, and Does 1 to 100, inclusive.

41.     Defendants, Momentum, Carleton, Cobham plc, Papé, and Does 1 to 100, inclusive, had actual or constructive knowledge of the risks inherent in the CNG System and Subject Cylinder, and similar products, at the time of their sale to B & N Trucking, Inc, including, but not limited to, the risk that the cylinder, including the Subject Cylinder, could rupture.

42.     The inherent risks and dangers in using the products in an intended or reasonably foreseeable way presented substantial danger to Mr. Johnson, and the general public. The CNG

-7-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

System and Subject Cylinder were being used in their respective intended and/or reasonably foreseeable manners by Mr. Johnson when the Incident occurred.

43.     Defendants knew that an ordinary consumer, such as Mr. Johnson, would not have recognized the potential risks and dangers inherent in the CNG System and/or Subject Cylinder, and that consumers would purchase and use the products without inspection.

44.     Defendants, Momentum, Carleton, Cobham plc, Papé, and Does 1 to 100, inclusive, failed to provide adequate warnings, instructions, guidelines or admonitions to members of the public, including Mr. Johnson, of the defects, which Defendants knew, or in the exercise of reasonable care should have known, to have existed in the CNG System, the Subject Cylinder and their component parts.

45.      The failure of defendants, Momentum, Carleton, Cobham plc, Papé, and Does 1 to 100, inclusive, to provide adequate warnings, instructions, guidelines or admonitions was a substantial factor in causing Mr. Johnson's harm as herein alleged.

46.     Plaintiff seeks compensatory damages under this claim.

**THIRD CLAIM FOR RELIEF**
**(Negligent Products Liability)**
**(Plaintiff William Lee Johnson Against Defendants Momentum,**
**Carleton, Cobham plc, Papé and Does 1 to 100, inclusive)**

47.     The foregoing allegations are incorporated as if re-alleged fully herein.

48.     Defendants, Momentum, Carleton, Cobham plc, Papé, and Does 1 to 100, inclusive, designed, manufactured, assembled, tested, inspected, installed, distributed and/or sold the CNG System, Subject Cylinder, and each of their component parts.

49.     Defendants owed Mr. Johnson a duty to exercise reasonable care in the design, manufacture, assembly, testing, inspection, installation, distribution and/or sale of the CNG System, the Subject Cylinder and/or their component parts

50.     Defendants failed to exercise ordinary care and breached their duty by, among other things:

a.     Failure to use due care in the design, manufacture, assembly, inspection, testing, distribution or sale of the CNG System, the Subject Cylinder and/or their component parts in order to avoid the aforementioned risks;

b.     Failure to provide adequate warning of the aforementioned risks;

c.     Failure to incorporate reasonable safeguards and protections against the rupture of the carbon fiber cylinders and the consequences thereof; and

d.     Failure to adequately identify and mitigate the risks associated with a cylinder rupture in accordance with good engineering practices.

51.     The aforementioned actions and/or omissions of Defendants, and each of them, were a substantial factor in causing Mr. Johnson's injuries and damages as herein alleged.

52.     Plaintiff seeks compensatory damages under this claim.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Merchantability)**
**(Plaintiff William Lee Johnson Against Defendants Momentum,**
**Carleton, Cobham plc, Papé and Does 1 to 100, inclusive)**

53.     The foregoing allegations are incorporated as if re-alleged fully herein.

54.     At all times relevant herein, defendants Momentum, Carleton, Cobham plc, Papé, and Does 1 to 100, inclusive, were engaged in the business of designing, manufacturing, assembling, testing, inspecting, distributing, installing, and/or selling compressed natural gas fueling systems, cylinders or vehicles containing same.

55.     Prior to the Incident, Defendants impliedly warranted to members of the general public, including Mr. Johnson, that the CNG System and Subject Cylinder were of merchantable quality.

56.     Members of the consuming public, including consumers such as Mr. Johnson, were intended third-party beneficiaries of the implied warranty of merchantability.

57.     The CNG System and Subject Cylinder were not of merchantable quality as warranted, in that they were defectively designed and/or manufactured, thereby dangerously exposing users and those around them to serious injury.

58.     After Mr. Johnson received the injuries complained of herein, notice was given by him to Defendants by filing this lawsuit in the time, manner and form prescribed by law, of the breach of said warranty.

59.     Said breach of implied warranty was a substantial factor in causing the injuries and damages alleged herein.

60.     Plaintiff seeks compensatory damages under this claim.

**FIFTH CLAIM FOR RELIEF**
**(General Negligence)**
**(Plaintiff William Lee Johnson Against Defendants Momentum,**
**Carleton, Cobham plc, Papé and Does 1 to 100, inclusive)**

61.     The foregoing allegations are incorporated as if re-alleged fully herein.

62.     Defendants, Momentum, Carleton, Cobham plc, Papé and Does 1 to 100, inclusive, had a duty to exercise reasonable care with respect to the CNG System, Subject Cylinder and component parts.

63.     The actions and/or omissions of Defendants which breached said duty include, without limitation:

a.      The failure to properly and adequately inspect and/or test the CNG System, Subject Cylinder and/or component parts prior to their introduction into the stream of commerce;

b.      The failure to properly and adequately assemble and/or install the CNG System, Subject Cylinder and/or component parts onto the Tractor; and

     c.     The failure to adequately identify and mitigate the risks associated with cylinder rupture.

64.     The actions and/or omissions of Defendants, and each of them, were a substantial factor in causing the injuries and damages to Mr. Johnson as herein alleged.

65.     Plaintiff seeks compensatory damages under this claim.

**SIXTH CLAIM FOR RELIEF**
**(Negligent Hiring, Training and/or Supervision)**
**(Plaintiff William Lee Johnson Against Defendants Momentum and**
**Does 91 to 100, inclusive)**

66.     The foregoing allegations are incorporated as if re-alleged fully herein.

67.     Mr. Johnson is informed and believes and thereupon alleges that, defendants, Does 91 to 100, inclusive, were at all times relevant herein acting within the course and scope of their employment with defendant, Momentum.

68.     Defendants, Does 91 to 100, inclusive, each assembled and/or inspected the CNG System and connected the CNG System to the Tractor prior to the Incident.

69.     Prior to and on or about December 21, 2018, defendant, Momentum, was negligent in the selection, hiring, retention, training, education, supervision and/or management of defendants, Does 91 to 100, inclusive, so as to actually, legally and proximately cause all of the injuries and damages alleged herein.

70.     Defendant, Momentum, knew or should have known that Does 91 to 100, inclusive, who assembled, inspected, or supervised the assembly and/or inspection of the CNG System prior to the sale of the Tractor, were unfit to perform the work based upon, among other things, a lack of training. Said unfitness created a risk of injury to persons using the CNG System and/or Tractor.

71.     As a direct and proximate cause of the above actions and/or omissions of defendants, Momentum and Does 91 to 100, inclusive, and each of them, Mr. Johnson suffered serious personal injuries in an amount to be proven at trial.

72.     The negligence of defendant, Momentum, in the hiring, supervision, training and retention of said employees was a substantial factor in causing Mr. Johnson's harm as herein alleged.

73.     Plaintiff seeks compensatory damages under this claim.

**SEVENTH CLAIM FOR RELIEF**
**(Loss of Consortium)**
**(Plaintiff Joan Johnson Against Defendants Momentum,**
**Carleton, Cobham plc, Papé and Does 1 to 100, inclusive)**

74.     The foregoing allegations are incorporated as if re-alleged fully herein.

75.     Mrs. Johnson is and was at all times relevant herein the lawful wife of Mr. Johnson.

76.     By reason of the injuries sustained by Mr. Johnson as aforementioned, Mrs. Johnson has suffered deprivation and/or impairment of the love, companionship, comfort, care, assistance, protection, affection, society and moral support of her husband.

77.     It appears that said deprivation and/or impairment will long continue all to Mrs. Johnson's general damage.

78.     Plaintiff, Mrs. Johnson, seeks non-economic damages under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs William Lee Johnson and Joan Johnson request entry of judgment in their favor and against Defendants Momentum, Carleton, Cobham plc, Papé, and Does 1 to 100, inclusive, as follows:

A.     For compensatory damages in an amount to be proven at trial;

B.     For interest;

C.     For reasonable costs of suit;

///

///

///

D.    For such other and further relief as the Court may deem just, proper and appropriate.

Dated:    January 24, 2019                    CHAIN | COHN | STILES

*/s/ Matthew C. Clark*

By: _____
         Matthew C. Clark, Esq.
         Chad J. A. Boyles, Esq.
         Attorney for Plaintiffs

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury.

Dated:    January 24, 2019                    CHAIN | COHN | STILES

*/s/ Matthew C. Clark*

By: _____
         Matthew C. Clark, Esq.
         Chad J. A. Boyles, Esq.
         Attorney for Plaintiffs