# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WILLIAM LEE JOHNSON, et al., | Case No. 1:19-cv-00105-LJO-SAB |
|---|---|
| Plaintiffs, | |
| v. | ORDER REQUIRING SUPPLEMENTAL BRIEFING ON PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM AND DIRECTING MEDICAL EVIDENCE TO BE FILED UNDER SEAL |
| JOAN JOHNSON, et al., | |
| Defendants. | |
| | FOURTEEN-DAY DEADLINE |

On January 24, 2019, a complaint in this action was filed along with a petition for appointment as guardian ad litem for William Lee Johnson ("Plaintiff" or "Mr. Johnson"), an incompetent adult. Appointment of a guardian ad litem for Mr. Johnson is sought because he was critically injured in the incident alleged in the complaint.

Competency to sue or be sued is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). Under California law, "[t]he test for incompetence . . . is whether the party has the capacity to understand the nature or consequences of the proceeding, and is able to assist counsel in preparation of the case." Lee v. Retail Store Employee Bldg. Corp., No. 15-CV-04768-LHK, 2017 WL 565710, at *3 (N.D. Cal. Feb. 13, 2017) (quoting In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001)); A.A. on behalf of A.A. v. Clovis Unified Sch. Dist., No. 113CV01043AWIMJS, 2018 WL 1167927, at *2 (E.D. Cal. Mar. 6, 2018), report and recommendation adopted sub nom. A.A. v. Clovis Unified Sch. Dist., No. 113CV01043AWIMJS,

1

2018 WL 1453243 (E.D. Cal. Mar. 23, 2018). Appointment of a guardian ad litem implicates due process concerns because an incompetency finding and the subsequent appointment of a guardian ad litem deprives a litigant of the right to control the litigation and subjects him to possible stigmatization. Gibson v. Hagerty Ins. Agency, No. 1:16-CV-00677-DAD-BAM, 2017 WL 1022792, at *2 (E.D. Cal. Mar. 16, 2017) (citing Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003) and Thomas v. Humfield, 916 F.2d 1032, 1034 (5th Cir. 1990)). "In most cases, a guardian will not be appointed for an adult unless the person gives consent or upon notice and a hearing." Jurgens v. Dubendorf, No. 2:14-CV-2780-KJM-DAD, 2015 WL 6163464, at *3 (E.D. Cal. Oct. 19, 2015); Gibson, 2017 WL 1022792, at *2.

Here, substantial evidence of incompetence has been submitted to require the court to make a competency determination. Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). Mr. Johnson was injured while fueling his tractor on December 21, 2018. (Petition of Jerrad Johnson to be Appointed Guardian ad Litem for William Lee Johnson (Pet. of Jerrad Johnson") ¶ 3, ECF No. 3; Compl. ¶¶ 21-23, ECF No. 1.) The petition states that Mr. Johnson suffered a traumatic brain injury and is still in acute care. (Pet. of Jerrad Johnson ¶ 5.) Also, it is alleged that the brain injury has left him incompetent to represent his interests in this case. (Pet. of Jerrad Johnson ¶ 5.)

However, while the Court notes the severity of the incident in which Mr. Johnson was injured and that he suffered a traumatic brain injury, there has been no evidence submitted as to the extent of Mr. Johnson's brain injury, how it currently affects Mr. Johnson, or its expected duration. Further, while it is alleged that Mr. Johnson is in acute care on the date that the petition is filed, there is no indication of how long he will remain there. While there is evidence that Mr. Johnson may be incompetent to represent his interests, the evidence is insufficient for the Court to find that Mr. Johnson is incompetent.

The Ninth Circuit has indicated that in considering a litigant's competency the court may consider sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating medical providers, and medical records. See Allen, 408 F.3d at 1151-52; Gibson, No. 2017 WL 1022792, at *2. Therefore, the Court shall require the submission of medical

evidence addressing the diagnosis, plan, and prognosis for Mr. Johnson. The Court is unable to make a determination as to Mr. Johnson's competency without the submission of such evidence. The Court also notes that Mr. Johnson has a legitimate privacy interest in his medical records and finds good cause to order such documents to be filed under seal.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may sue or defend on the incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

Jerrad Johnson ("Petitioner"), is Plaintiff's son and seeks to be appointed as guardian ad litem. While the petition for appointment states that Petitioner is competent and willing to act as guardian ad litem for his father, it does not address any potential conflicts of interest or that he understands he is to act in the best interest of his father if appointed guardian ad litem. The Court shall require a declaration from Petitioner addressing these issues.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of the date of entry of this order, Petitioner shall submit supplemental briefing for the petition for appointment of guardian ad litem as discussed herein;

2. To protect Mr. Johnson's confidential medical information, Plaintiff shall file the required medical evidence, declarations, or letters addressing medical issues under

3

seal. Plaintiff is directed to Local Rule 141(e)(2)(i) for the procedure to submit documents to be sealed.

IT IS SO ORDERED.

Dated: __**January 26, 2019**__

UNITED STATES MAGISTRATE JUDGE