# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEE JOHNSON, et al., | Case No. 1:19-cv-00105-LJO-SAB |
| Plaintiffs, | |
| v. | ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM |
| JOAN JOHNSON, et al., | (ECF Nos. 3, 10, 11) |
| Defendants. | |

On January 24, 2019, a complaint in this action was filed along with a petition for appointment of a guardian ad litem for William Lee Johnson ("Mr. Johnson"), an incompetent adult. Appointment of a guardian ad litem for Mr. Johnson is sought because he was critically injured in the incident alleged in the complaint. Competency to sue or be sued is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1).

Under California law, "[t]he test for incompetence . . . is whether the party has the capacity to understand the nature or consequences of the proceeding, and is able to assist counsel in preparation of the case." Lee v. Retail Store Employee Bldg. Corp., No. 15-CV-04768-LHK, 2017 WL 565710, at *3 (N.D. Cal. Feb. 13, 2017) (quoting In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001)); A.A. on behalf of A.A. v. Clovis Unified Sch. Dist., No. 113CV01043AWIMJS, 2018 WL 1167927, at *2 (E.D. Cal. Mar. 6, 2018), report and recommendation adopted sub nom. A.A. v. Clovis Unified Sch. Dist., No. 113CV01043AWIMJS, 2018 WL 1453243 (E.D. Cal. Mar. 23, 2018). If a party is found to be incompetent based on this test, then that party may only appear in court through "a guardian or conservator of the estate or by a guardian ad litem." Cal. Civ. Proc. Code § 372(a)(1).

1

In this instance, the complaint and petition alleged that Mr. Johnson was injured while fueling his tractor on December 21, 2018. (Petition of Jerrad Johnson to be Appointed Guardian ad Litem for William Lee Johnson (Pet. of Jerrad Johnson") ¶ 3, ECF No. 3; Compl. ¶¶ 21-23, ECF No. 1.) The tractor had a "compressed natural gas fueling system affixed to the rear and passenger-side of the passenger cabin ("CNG System")." (Compl. ¶ 14.) Mr. Johnson was standing within a few feet of the CNG system cylinders when one ruptured while he was fueling the vehicle. (Compl. ¶¶ 21, 23.) The catastrophic release of pressure caused a shock wave to eminate outward and Mr. Johnson suffered a traumatic brain injury, and multiple fractures. (Pet. of Jerrad Johson ¶ 5; Compl. ¶ 23.) The shock wave was so powerful that portions of the tractor and CNG system and cylinder flew hundreds of feet in every direction. (Compl. ¶ 24.) The tractor was destroyed and the CNG fueling facility sustained major structural damage. (Compl. ¶ 24.) Mr. Johnson is still in acute care and the brain injury has left him incompetent to represent his interests in this case. (Pet. of Jerrad Johson ¶ 5.)

Upon review, of the documents filed, the Court found that evidence was present that Mr. Johnson had been involved in a serious accident and suffered a brain injury, but that there was no evidence as to the extent of the brain injury and how it currently affected Mr. Johnson or its expected duration. (ECF No. 6.) Therefore, the Court required supplemental briefing, including medical evidence demonstrating that Mr. Johnson is not competent to represent his own interests in this action. (Id.)

On Febraury 12, 2019, a supplemental declaration of Jerrard Johnson, a letter by Mr. Johnson's treating physician, and medical test results were filed under seal. (ECF Nos. 10, 11.) Based upon review of this evidence, the Court does find that at the current time, Mr. Johnson does not have the capacity to understand the nature and consequences of the proceedings and is unable to assist counsel in the preparation of this action and therefore cannot pursue this action without a guardian ad litem. However, the Court notes that the evidence presented does not address Mr. Johnson's long term prognosis and indicates that at this time the long term prognosis is uncertain. Accordingly, the Court will require Plaintiff to addess whether the continued appointment is appropriate during the pendency of these proceedings. The Court will require

Plaintiff to address Mr. Johnson's prognosis in the joint scheduling report that is to be filed prior to the initial scheduling conference. (ECF No. 5 at 3-6.) Should Mr. Johnson improve to the extent that he is no longer incompetent, Plaintiffs shall inform the Court at the soonest opportunity.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may sue or defend on the incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

The Court has considered the petition, including the supplemental declaration, of Jerrad Johnson for appointment as Guardian Ad Litem for William Lee Johnson, who is Plaintiff in this action. Good cause appearing, IT IS HEREBY ORDERED, that Jerrad Johnson is appointed as Guardian Ad Litem for William Lee Johnson. It is FURTHER ORDERED that Plaintiffs shall address the competency of William Lee Johnson in the joint scheduling report.

IT IS SO ORDERED.

Dated: **February 13, 2019**

UNITED STATES MAGISTRATE JUDGE