# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEE JOHNSON, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CARLETON TECHNOLOGIES, INC., et al.,<br><br>  Defendants. | Case No. 1:19-cv-00105-JLT-SAB<br><br>ORDER GRANTING STIPULATED MOTION TO MODIFY SCHEDULING ORDER IN PART AND DENYING REQUEST TO MODIFY DISPOSITIVE MOTION FILING DEADLINE<br><br>(ECF No. 98) |

This action was filed on January 24, 2019. (ECF No. 1.) On July 10, 2019, a scheduling order issued. (ECF No. 44.) The scheduling order deadlines have been modified multiple times in this action, most recently on August 24, 2022. (ECF Nos. 63, 67, 75, 77, 82, 88, 96.) Currently, the nonexpert discovery deadline is December 22, 2022; the expert disclosure deadline is January 19, 2023; the supplemental expert disclosure deadline is February 16, 2023; the expert discovery deadline is April 6, 2023; the dispositive motion filing deadline is June 1, 2023; and a pretrial conference is set for July 31, 2023. (ECF No. 96.)[1] On December 2, 2022, the parties filed a stipulated motion to further modify the scheduling order in this action. (ECF No. 98.) The parties proffer many of the same continuing reasons previously presented in this

---

[1] In the August 24, 2022 order, the Court noted the following regarding the proximity of the proposed dispositive motion filing deadline and the pretrial conference, the latter of which the parties had not requested to continue: "While the dispositive motion deadline is close to the current pretrial conference date, the Court shall keep the current pretrial conference date given there is no trial date currently set, and the need for continuing such conference can be addressed if dispositive motions are filed or if they are under consideration." (ECF No. 96 at 2.)

1

1   action, most pertinent now being additional depositions.

2   While the Court finds somewhat sufficient good cause to grant the requested extensions 3 of the discovery deadlines, the Court declines to adjust the dispositive motion filing deadline. 4 The Court will grant the requested continuances of the discovery deadlines given the complexity 5 of the case and discovery, the entrance of new counsel on behalf of some defendants in August 6 of 2022, and given the parties did complete some of the discovery that was presented as 7 necessary in the previous stipulation, such as the depositions of Ms. Bossum and Mr. Wolf.  (See 8 ECF Nos. 95 at 6, 98 at 7.)  However, the parties again proffer the need to complete depositions 9 of Momentum employee Shannon Michaels, the PMK's of Momentum, Pape, and the Cobham 10 Defendants, as well as a potential need to depose the PMK of NHTSA.  (ECF No. 98 at 7-8.) 11 The parties previously proffered that they at least already anticipated the taking of these 12 depositions as part of the reason for the previous extension of the scheduling order deadlines. 13 (ECF No. 95 at 6-7.)  The parties proffer no explanation as to why these depositions were not 14 pursued in the interim period despite being aware of the potential need to complete such 15 depositions previously.

16   While the parties request an extension of the dispositive motion filing deadline, the 17 parties do not request an extension of the current pretrial conference date, and expressly state 18 there is good cause to extend all deadlines, "excluding the July 31, 2023 Pre-trial setting 19 conference."  (ECF No. 98 at 8.)  Based on the overlapping reasons in the concurrent stipulations 20 to modify the scheduling order without an explanation as to why the parties were not diligent in 21 pursuing such deposition in the interim period, the Court declines to extend the dispositive 22 motion filing deadline, so that it may remain in its current posture in relation to the current 23 pretrial conference date, which the parties have not requested to adjust.

24   The dispositive motion filing deadline is currently set for June 1, 2023.  Thus, there will 25 still be, albeit limited, some time between the dispositive motion deadline and the proposed 26 expert discovery cutoff date of May 22, 2023.  Further, there is significant time between the 27 proposed April 2, 2023 supplemental expert disclosure deadline, and the proposed May 22, 2023 28 expert discovery deadline, such that the parties may agree to an earlier expert discovery deadline

in order to complete expert discovery with sufficient time to complete dispositive motions by June 1, 2023.  The Court will not foreclose a potential future adjustment of the dispositive motion filing deadline and the pretrial conference by the Court, perhaps when all nonexpert discovery is in fact complete and the parties have in fact scheduled or attended the proffered mediation that the parties indicate they may schedule for April of 2023, however, at this juncture declines to do so, based on the filed stipulation and the current posture of the case.

Accordingly, pursuant to the parties' agreement and finding good cause, IT IS HEREBY ORDERED that the motion is GRANTED IN PART and DENIED IN PART, and the scheduling order is modified as follows:

1. Nonexpert Discovery Deadline: **February 6, 2023**;
2. Expert Disclosure Deadline: **March 6, 2023**;
3. Supplemental Expert Disclosure Deadline: **April 2, 2023**; and
4. Expert Discovery Deadline: **May 22, 2023**.

All other dates and aspects of the scheduling order, as previously modified, including the June 1, 2023 dispositive motion filing deadline, shall remain in effect.

IT IS SO ORDERED.

Dated:   **December 5, 2022**

UNITED STATES MAGISTRATE JUDGE