# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEE JOHNSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CARLETON TECHNOLOGIES, INC., et al., <br><br> Defendants. | Case No. 1:19-cv-00105-JLT-SAB <br><br> ORDER DIRECTING THE CLERK OF THE COURT TO TERMINATE B & N TRUCKING, INC. AS A PARTY IN THIS ACTION <br><br> ORDER RE STIPULATION TO DISMISS PLAINTIFF'S SIXTH CAUSE OF ACTION AGAINST DEFENDANTS, DEEMING COMPLAINT AMENDED <br><br> (ECF No. 119) |

On October 25, 2023, the parties filed a stipulation whereby all parties agreed, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), that: (1) Plaintiff, B & N Trucking, Inc., may be dismissed without prejudice from the First Amended Complaint, each party to bear their own fees and costs; and (2) Plaintiffs' Sixth Claim for Relief (Negligent Hiring, Training and/or Supervision) of Plaintiffs' First Amended Complaint may be dismissed without prejudice, each party to bear their own fees and costs. (ECF No. 119.)

Rule 41(a) of the Federal Rules of Civil Procedure allows a party to dismiss some or all of the defendants in an action through a Rule 41(a) notice. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997); see also Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995). The Court shall dismiss Plaintiff B & N Trucking, Inc., as a party in this action.

1

However, the Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants, and that Rule 15 is the proper mechanism to do so. See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15]."); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim complaint."); but see Wilson, 111 F.3d at 692. The Court finds it proper to construe the parties' stipulation to dismiss the individual cause of action as consent to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure. See Hells Canyon Pres. Council, 403 F.3d at 689 ("The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive distinction.") (quoting Nilssen v. Motorola, Inc., 203 F.3d 782, 784 (Fed. Cir. 2000)). Therefore, the Court will give full effect to the parties' stipulation through a Rule 15 amendment.

Accordingly, IT IS HEREBY ORDERED that, pursuant to the parties' agreement:

1. The Clerk of the Court is DIRECTED to terminate Plaintiff, B & N Trucking, Inc., as a plaintiff in this action; and

2. The Plaintiffs' complaint is DEEMED AMENDED and the Sixth Claim for Relief (Negligent Hiring, Training and/or Supervision), is no longer alleged against Defendants in the First Amended Complaint.

IT IS SO ORDERED.

Dated:   **October 25, 2023**

UNITED STATES MAGISTRATE JUDGE