# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEE JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CARLETON TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 1:19-cv-00105-SAB<br><br>ORDER REQUIRING THE PARTIES TO FILE A JOINT STATEMENT REGARDING BIFURCATION<br><br>**NOVEMBER 27, 2024 DEADLINE** |

On October 30, 2023, the parties filed a joint pretrial statement before the then-assigned district judge. (ECF No. 121.)  Therein, the parties each agreed that the trial be bifurcated; however, the parties disputed the division of the phases.  (Id. at 71-72 (Plaintiffs and Intervenor Plaintiff requested a first phase for liability and damages and a second phase for apportionment of fault amongst defendants; Carleton requested a first phase for liability/apportionment of fault and a second phase for damages; and Momentum and Papé consented to bifurcation of liability from damages).)

In the November 7, 2023 pretrial order, the then-assigned district judge ordered that any motions related to bifurcation be filed no later than February 3, 2024.  (ECF No. 125 at 27.)  On February 1, 2024, the parties filed a joint statement representing that they had mutually agreed to drop their requests for bifurcation.  (ECF No. 129 at 2.)

On June 14, 2024, this matter was assigned to the undersigned for all purposes following

consent of all parties. (ECF Nos. 153, 154, 155, 156, 157, 159.)

Since this case was reassigned, this Court has held four status conferences in this matter. (ECF Nos. 164, 170, 173, 175.) During these status conferences, the Court stated it was open to a bifurcated trial. It is the Court's understanding—primarily due to the lack of objection by any party during the status conferences and indeed each parties' participation in discussion of the phases—that the parties have agreed that the trial should be bifurcated into two phases: one phase for Plaintiffs' damages and a second phase for apportionment of fault amongst Defendants.

The Court has reviewed Plaintiffs' seven motions *in limine*; Momentum's two motions *in limine*; Carleton's ten[1] motions *in limine*; and Pape's three motions *in limine*. (ECF Nos. 179-184.) The Court has also reviewed the parties' oppositions, filed on November 20, 2024. (ECF Nos. 186-195.) Some statements contained therein concern the Court. Most significantly, that "the Court has discussed *potential* bifurcation and instructed the parties to explore ways to streamline trial" (ECF No. 187 at 22); because the parties cannot agree, "the parties are forced to prepare for two very different potential trials" (id.); "[t]he Court acknowledged that the case *would be* bifurcated into two phases—a damages phase and a liability phase..." (ECF No. 190 at 7); "[i]ndeed, the Court *has yet to determine* if the trial will be bifurcated" (ECF No. 193 at 2); and one party requesting admission of facts to support arguments "in the liability or equitable allocation phases of trial" (ECF No. 194 at 4.) Thus, it appears some parties are proceeding with the understanding that bifurcation is to-be-determined, and others are proceeding with the understanding that parties have agreed to bifurcation as explained above. As stated, the Court's understanding falls in the latter category; however, the Court recognizes it has not received written agreement from the parties.

At this late stage, no party should be preparing for two very different potential trials.

---

[1] On April 4, 2024, Carleton filed four Daubert motions, including a motion to preclude Plaintiffs' expert Brian Spencer's opinions that are unrelated to causation. (See ECF Nos. 130-133.) On April 15, 2024, Plaintiffs filed oppositions to each motion, including the motion regarding Mr. Spencer's opinions purportedly unrelated to causation. (ECF No. 138.) At the July 2, 2024 status conference, the Court confirmed with the parties that Carleton's motion to preclude Plaintiffs' expert Brian Spencer's opinions that are unrelated to causation (ECF No. 130) appeared to be more suitable for decision as a motion *in limine*. Without objection from the parties, the Court informed the parties that it would reserve ruling on ECF No. 130 until the motion in limine stage. If the motion (ECF No. 130) no longer remains an "important, critical matter[]" (ECF No. 165 at 3) to be decided as a motion *in limine*, Carleton shall file a notice of withdrawal of the motion **no later than November 27, 2024**.

Neither should parties be preparing for trial and filing motions *in limine* with different understandings whether the trial will be bifurcated. This Court has expended much time allowing the parties to discuss on the record how, as the parties have aptly put it, "not to confus[e] the jury" and streamline the trial while simultaneously not disturbing the stipulated undisputed facts in this matter. (ECF No. 129 at 3.) The Court has offered its thoughts at the parties' request. However, with less than sixty days until trial, the parties must notify the Court of their positions regarding a bifurcated trial and, if applicable, the division of phases.

Accordingly, IT IS HEREBY ORDERED that the parties file a joint statement regarding bifurcation of the trial **no later than November 27, 2024**. Should oral argument be necessary, the parties shall be prepared to discuss the issue during the motion *in limine* hearing on December 4, 2024. Lastly, if it was <u>not</u> the understanding of a party or parties that the trial would be bifurcated into 2 phases, then that party should be prepared to support their position with the Court's statement(s) or statement(s) of other parties that no decision on bifurcation (including how it would be bifurcated) had been made.

IT IS SO ORDERED.

Dated:   **November 21, 2024**

STANLEY A. BOONE
United States Magistrate Judge

3