**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEE JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATURAL GAS FUEL SYSTEMS, INC. D.B.A. MOMENTUM FUEL TECHNOLOGY, et al.,<br><br>Defendants. | Case No. 1:19-cv-00105-SAB<br><br>ORDER RE MOTIONS *IN LIMINE*<br><br>(ECF Nos. 130, 138, 179-195, 197-198, 200-202) |

**I.**

**INTRODUCTION**

Currently before the Court are the parties' motions *in limine*, filed on November 6, 2024. (ECF Nos. 179-85.) Oppositions to the motions were filed on November 20, 2024. (ECF Nos. 186-195.) Replies were filed on November 27, 2024. (ECF Nos. 197-198, 200-202.) A hearing was held on December 4, 2024. Counsel Matthew Clark, Chad Boyles, and Christopher Hagan appeared for Plaintiffs William and Joan Johnson ("Plaintiffs"); counsel Diane Wayland appeared for Intervenor Plaintiff Markel American Insurance Company as Subrogee of American Natural Gas, LLC ("Markel"); counsel Esther Holm, Ryan Nilsen, and Alyssa Garchie appeared for Defendant Natural Gas Fuel Systems, Inc. dba Momentum Fuel Technology ("Momentum"); counsel Christopher Dow and Fred Blum appeared for Defendant Pape Trucks, Inc. ("Pape"); and

counsel Justin Marvisi appeared for Defendant Carleton Technologies, Inc.[1] ("Carleton"). Having considered the moving and opposition papers, the declarations and exhibits attached thereto, arguments presented at the December 4, 2024 hearing, as well as the Court's file, the Court issues the following order.

## II.

## LEGAL STANDARD

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion *in limine* is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion *in limine* allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Judges have broad discretion in ruling on a motion *in limine*. Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002) ); see also United States v. Torres, 794 F.3d 1053, 1059 (9th Cir. 2015) (motion *in limine* rulings are reviewed for abuse of discretion). Evidence should not be excluded on a motion *in limine* unless it is inadmissible on all potential grounds. McConnell v. Wal-Mart Stores, Inc., 995 F.Supp.2d 1164, 1167 (D. Nev. 2014); United States v. Hitesman, No. 14-CR-00010-LHK-1, 2016 WL 3523854, at *2 (N.D. Cal. June 28, 2016). Unless this high standard is met, ruling on the motion *in limine* should be denied until trial so that

---

[1] The Court and the parties have used the names "Cobham" and "Carleton" interchangeably as the same party. Plaintiffs' operative complaint alleges claims against both Carleton Technologies, Inc. and Cobham PLC. (ECF No. 13.) Cobham PLC was voluntarily dismissed from this action on August 30, 2019. (ECF Nos. 51, 52.) Carleton's motions *in limine* are filed on behalf of "Defendants Carleton Technologies, Inc. and Cobham PLC." Although each party refers to Carleton Technologies, Inc. as Cobham in their respective motions *in limine*, the Court shall herein refer to the defendant as Carleton except where the parties use the name "Cobham" to describe a person or item—i.e., "Cobham employee," "Cobham cylinder," or "Cobham alternative boss design." Prior to trial, the parties shall notify the Court of the name by which Carleton Technologies, Inc. shall be referred to prevent confusion to the jury.

the evidence can be considered in its proper context. McConnell, 995 F.Supp.2d at 1167; Hitesman, 2016 WL 3523854, at *2; see also Jonasson, 115 F.3d at 440 (some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion *in limine* and it is necessary to defer ruling until during trial); United States v. Cline, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002), aff'd, 349 F.3d 1276 (10th Cir. 2003) ("a court should refrain from the undue speculation inherent in making evidentiary rulings before hearing the factual context at trial.")

## III.

## DISCUSSION

At the October 4, 2024 hearing, the Court issued a tentative ruling on each motion *in limine*. The Court took the motions under submission and now issues the following order.

While many of the parties' motions are well-taken, the Court cannot make many of the requested evidentiary rulings until the time in which evidence is sought to be admitted at trial and only after which proper foundation has been laid consistent with the Federal Rules of Evidence. The Court is also unaware whether all claims currently alleged will proceed to the jury based upon representations by the parties that certain claims, most significantly Plaintiffs' negligence claims, may be dismissed. The dismissal of such claims may ultimately render evidence requested to be excluded—but herein denied without prejudice—irrelevant. Therefore, at this time, the Court must deny, without prejudice, many of the requests sought to be ruled upon prior to trial. The Court feels that this approach provides for better trial presentation and flow without the constant revisiting of issues based upon proffers made in the motions *in limine*. This concept is especially true when a Court grants a motion to limine: more time is spent on revisiting than on seeking to lay a proper foundation for admission.

    **A.**    **Plaintiffs' Motions** *in Limine*

    1.    Plaintiffs' Motion *in Limine* No. 1

Plaintiffs' motion to preclude any argument that the "product" was not defective at the time Plaintiff William Johnson took possession thereof is granted to the extent the "product" referenced is the subject truck.

///

2. Plaintiffs' Motion *in Limine* No. 2

Plaintiffs' uncontested motion to preclude any argument of comparative fault on the part of William Johnson and/or the American Natural Gas station is granted.

3. Plaintiffs' Motion *in Limine* No. 3

Plaintiffs' uncontested motion to preclude any argument of comparative fault on the part of Joan Johnson and/or Jerrad Johnson is granted.

4. Plaintiffs' Motion *in Limine* No. 4

Plaintiffs' motion to preclude any reference to B & N Trucking having a mechanic on staff is granted, subject to the caveats discussed at the December 4, 2024 hearing. Namely, the word "mechanic" may not be used to describe any employee at B & N Trucking subject to further order of the Court.

5. Plaintiffs' Motion *in Limine* No. 5

Plaintiffs' motion to preclude any reference to Jerrad Johnson's separate business, Dynamic Renewable Solutions, is granted.

6. Plaintiffs' Motion *in Limine* No. 6

Plaintiffs' motion to preclude the introduction of or reference to the demonstrative test performed by Devinder Grewal is denied without prejudice to being renewed at trial.

7. Plaintiffs' Motion *in Limine* No. 7

Plaintiffs' motion to preclude any reference to Jerrad Johnson's relationship with Momentum employee Shannon Michaels is denied without prejudice to being renewed at trial and Plaintiffs' motion to exclude B & N Trucking from appearing on the verdict form is granted.

Undisputed facts contained within the pretrial order are "binding and controlling." Imprimis Int'l, Inc. v. Fraidenburgh, No. CIV.S-04-1297 FCD DA, 2007 WL 1576356, at *1 (E.D. Cal. May 31, 2007) (citing United States v. First. Nat'l Bank of Circle, 652 F.2d 882, 886 (9th Cir. 1981) ("[A] party need offer no proof at trial as to matters agreed to in the order, *nor may a party offer evidence or advance theorems at the trial which are not included in the order or which contradict its terms*.") (emphasis added)).

William, Joan, and Jerrad Johnson comprise B & N Trucking ("B & N"), a California

corporation. (ECF No. 13 at 2.)  On October 25, 2023, the parties stipulated that B & N would be dismissed as a plaintiff in this action.  (ECF Nos. 119, 120.)  The undisputed facts in the parties' joint pretrial statement, and incorporated without objection into the Court's pretrial order, include that William Johnson, "Jerrad Johnson[,] nor Joan Johnson bear any responsibility for the Subject Incident." (ECF Nos. 121 at 7, 125.)

Pape argues that B & N belongs on the verdict form as a nonparty because "but for B&N's failure to exercise adequate due diligence as to Cobham's tank manufacturing processes, that is, the due diligence a reasonable person would expect from a corporate Vice-President [Jerrad Johnson] who holds himself out publicly as a person capable of retrofitting a company's commercial truck fleet with CNG fuel systems, the subject accident never happens." (ECF No. 194 at 6, 10.)  Further, Pape admits it was an "oversight" to not include B & N both as a Proposition 51 party and a specific third party in which Pape maintained defenses against in the pretrial order.  (ECF No. 194.)

Pape's argument at the October 4, 2024 hearing that the undisputed facts in the pretrial order that the Johnson Plaintiffs "bear [no] responsibility for the Subject Incident" holds no meaning is not well-taken.  All parties have agreed to the controlling and binding fact that Jerrad Johnson bears no responsibility for the subject incident.  No party—including Pape—contested Plaintiff's motion *in limine* that all parties be "precluded from any  argument, questioning, reference or intimation that Jerrad Johnson and/or Joan Johnson bear any responsibility for the occurrence of the subject incident." (ECF No. 180 at 14.)  The Court is unpersuaded by Pape's semantics argument that while Jerrad Johnson bears no "responsibility" for the subject incident, B & N, through Jerrad Johnson, can be found "liable" for the subject incident.  The parties have agreed that Jerrad Johnson, without distinction to his individual or corporate capacity, cannot be deemed responsible for the subject incident, or, in other words, Jerrad Johnson cannot be deemed liable for negligence.  Pape's theory of negligence against non-party B & N would require the introduction of evidence that but for B & N's vice president Jerrad Johnson's alleged failure to exercise due diligence as to Cobham's tank manufacturing processes, the subject accident would not occur.  It does not square that Jerrad Johnson bears no responsibility for the subject incident

1  but B & N, through Jarred Johnson, may be liable for negligence. Such theory contradicts the
2  undisputed facts contained within the pretrial order.

3  Neither is the Court persuaded that this motion *in limine* is essentially moot during the
4  equitable allocation portion of the trial because the standing to bring the motion is made by the
5  Plaintiff and not by Carleton or Momentum. All parties in this action stipulated without objection
6  to the undisputed facts contained within the pretrial order. Even if all defendants agreed B & N
7  should be included on the verdict form—which they do not—the pretrial order controls the
8  introduction of contradictory evidence and the advancement of new theories that are not included
9  in the pretrial order. Accordingly, the Court grants Plaintiffs' motion in *limine* to exclude B & N
10 Trucking from appearing on the verdict form.

11 **B.  Defendant Momentum's Motions *in Limine***

12 1.  Momentum's Motion *in Limine* No. 1

13 Momentum's motion to preclude opinion testimony by Devinder Grewal that the subject
14 tank was damaged after it left Carleton's possession is granted in part and denied in part.
15 Momentum's motion is (1) denied without prejudice as to Dr. Grewal's opinion that the tank was
16 free from defects when it left Carleton's possession; (2) granted as to Dr. Grewal's opinion that a
17 damage-causing event occurred after the tank left Carleton's possession; and (3) denied without
18 prejudice as to Dr. Grewal's opinion that damage would have been discovered through proper
19 inspection and testing by Momentum.

20 2.  Momentum's Motion *in Limine* No. 2

21 Momentum's uncontested motion to preclude references to Plaintiff William Johnson
22 requiring home care or residential care, as outlined in the life care plan prepared by Karen
23 Aznavoorian is granted.

24 **C.  Defendant Carleton's Motions *in Limine***

25 1.  Carleton's Motion *in Limine* No. 1

26 Carleton's motion to preclude any party from referring to or otherwise attempting to
27 introduce at the time of trial any evidence of cumulative or duplicative opinions arising from
28 experts, Brian Spencer, Aaron Jones, and Robert Carnahan is denied without prejudice to being

renewed at trial.

    2.    <u>Carleton's Motion *in Limine* No. 2</u>

Carleton's motion to exclude and/or limit portions of Plaintiff William Johnson's life care plan and loss of future earnings claim is denied without prejudice to being renewed at trial. However, admittance of the life care plan and loss of earnings calculations remains subject to the parties laying proper foundation at trial and no other evidentiary objections.

    3.    <u>Carleton's Motion *in Limine* No. 3</u>

Carleton's motion to exclude the PowerPoint/Animation relied upon by Plaintiffs' expert Brian Spencer and by Momentum's expert Aaron Jones is granted, subject to the caveats discussed at the December 4, 2024 hearing. Notably, slides contained within the PowerPoint may be individually used if the parties lay proper foundation at trial for their admissibility and/or use during trial consistent with Rule 107 of the Federal Rules of Evidence[2] and/or other Rules.[3] Slides appropriately presented at trial may be used in closing arguments in the form of a presentation.

    4.    <u>Carleton's Motion *in Limine* No. 4</u>

Carleton's motion to exclude the testimony of former Cobham employee and convicted felon, Amir Jahed is denied without prejudice to being renewed at trial.

    5.    <u>Carleton's Motion *in Limine* No. 5</u>

Carleton's motion to exclude any reference to cylinders manufactured by Carleton other than the subject cylinder and/or testing data unrelated to the subject cylinder is denied without prejudice to being renewed at trial. Relevant evidence is subject to the parties laying proper foundation at trial and other evidentiary objections.

    6.    <u>Carleton's Motion *in Limine* No. 6</u>

Carleton's motion to preclude any party from referring to or otherwise attempting to

---

[2] The parties should become familiar with Rule 107 as this is a new addition to the Federal Rules of Evidence family. The Rule became effective December 1, 2024.

[3] The Court is mindful that some of the evidence on the slides may not just be a Rule 107 issue but may lay under another Rule of Evidence for admissibility or use. The party offering the exhibit must be clear as to the basis upon which the slide is being brought.

introduce at the time of trial any evidence or documents regarding any testing performed by the National Highway Traffic Safety Administration ("NHTSA") and/or the Southwest Research Institute ("SWRI") of Cobham cylinders, and or any of NHTSA or SWRI's results, reports, or conclusions of their testing of Cobham cylinders is denied without prejudice to being renewed at trial. Relevant evidence is subject to the parties laying proper foundation at trial and other evidentiary objections, including appropriate reliance by an expert consistent with Federal Rules of Evidence 702 and 703.

### 7. Carleton's Motion *in Limine* No. 7

Carleton's motion to exclude evidence of a recall initiated by Momentum is granted, subject to the caveats discussed at the December 4, 2024 hearing. Namely, to the extent it is relevant to a claim or crossclaim in this action and subject to other evidentiary objections, a party may be able to introduce underlying facts of Momentum's recall; however, the word "recall" may not be used subject to further order of the Court. The use of the word is prejudicial and therefore excludable under Federal Rule of Evidence 403.

### 8. Carleton's Motion *in Limine* No. 8

Carleton's motion to exclude any references to alternative designs of the type-IV cylinder's boss is granted; however, the motion may be re-raised by an affected party during trial. If the appropriate foundation can be laid to offer relevant evidence of Carleton's exploration of alternative boss designs, any proffer of such evidence shall be presented outside the presence of the jury.

### 9. Carleton's Motion *in Limine* No. 9

Carleton's motion to preclude any party from attempting to introduce at trial any evidence or documents, questioning any witness, or otherwise mentioning in the presence of the jury, any reference that the subject tank leaked prior to its failure is denied without prejudice.

The parties shall be mindful of the distinctions between particular terms in this action, including, but not limited to, "leak," "damage," and "rupture." The parties shall provide clarification as necessary to their intended meaning of such terms when laying foundation or in their arguments to the jury.

   10. <u>Carleton's April 4, 2024 Motion, Construed as a Motion *in Limine*</u>

On April 4, 2024, Defendant Carleton filed four Daubert motions. (See ECF Nos. 130-133.) On April 15, 2024, Plaintiffs filed oppositions. (ECF Nos. 135-138.) At the July 2, 2024 status conference, the Court confirmed with the parties that one of Carleton's motions—the motion to preclude Plaintiffs' expert Brian Spencer's opinions that are unrelated to causation (ECF No. 130)—appeared to be more suitable for decision as a motion *in limine*. Without objection from the parties, the Court reserved ruling on the motion (ECF No. 130).

Carleton's April 4, 2024 motion, reserved for ruling as a motion *in limine*, to preclude Plaintiffs' expert Brian Spencer's opinions relating to the reduction in the fiber content of the subject tank and the reduction in the laminate thickness of the subject tank is denied without prejudice to being renewed at trial. Relevant evidence is subject to the parties laying proper foundation at trial and other evidentiary objections.

  **D.** **Defendant Pape's Motions *in Limine***

   1. <u>Pape's Motion *in Limine* No. 1</u>

Pape's motion to preclude any documentary or testimonial evidence of Pape's abstract negligence is denied without prejudice.

Pape argues that evidence relating to whether Pape properly initially filled the tank is immaterial and irrelevant unless it can be shown such failure proximately caused Plaintiff's injury. (ECF No. 184 at 5.) Pape contends that no evidence will be introduced to support that allegation that any act or omission by Pape more likely than not caused the subject tank to become damaged or fail. (Id. at 6.) Pape therefore contends that any evidence of alleged negligence by Pape is no more than speculative abstract evidence.

To prevail on a negligence claim in California, a plaintiff must show that the defendants owed him a legal duty, that they breached the duty, and that the breach was a proximate or legal cause of her injuries.. <u>Saelzler v. Advanced Group 400</u>, 25 Cal. 4th 763, 767 (2001). "[T]o demonstrate actual or legal causation, the plaintiff must show that the defendant's act or omission was a "substantial factor" in bringing about the injury. <u>Id.</u> at 774. The substantial factor test requires more than "pure speculation" or proof of a defendant's "abstract negligence." <u>Lindstrom</u>

v. Hertz Corp., 81 Cal. App. 4th 644, 645–46 (2000) (finding it was "pure speculation" to assume a rental car company's failure to ask a customer with a valid driver's license whether he was familiar with California's "rules of the road" or by failing to supply him with a copy of those rules could be legal causes of a traffic accident); Dixon v. City of Livermore, 127 Cal. App. 4th 32, 43-44 (2005) (holding that an air show manager's failure to check a helicopter's fuel levels and failure inquire into a pilot's credentials was not a "substantial factor" causing a helicopter crash).

The Court does not find that the evidence showing that Pape failed to follow the proper protocol in initially pressurizing the subject tank is inadmissible on all potential grounds. McConnell, 995 F.Supp.2d at 1167. Plaintiff alleges a general negligence claim against Pape and Carleton has alleged a crossclaim against Pape. Plaintiffs and Carleton offer specific evidence of Pape's alleged failure to act reasonably—including Pape's failure to follow the proper protocol as outlined in Cobham's Operation and Maintenance Manual and failure to check the interior of the fuel system for potential damage prior allowing William Johnson to take delivery of the subject truck—that increased the likelihood that the subject incident would occur and injure Plaintiffs. As Plaintiffs point out, Pape's abstract negligence argument focuses on speculative omissions that led to the subject cylinder's rupture in the context of strict products liability claim rather than Pape's alleged failure to take reasonable steps before passing the subject truck to the customer in the context of a negligence cause of action. The Manual which Pape asks the Court to exclude outside the factual context at trial states that "[f]ailure to follow the fuel system manufacturer's instructions on filling may lead to serious injury or death!" (ECF No. 190 at 2.) The Court cannot conclude that Pape's alleged failure to follow the protocols in Cobham's manual and Pape's employees' alleged failure to inspect the subject cylinder are not substantial factors in bringing about Plaintiffs' injuries.[4]

Pape also argues that any relevance that the evidence of Pape's alleged failure to follow

---

[4] Because the Court finds at this stage, without hearing the factual context at trial, that Pape's failure to follow all recommended steps in Carleton's Manual can be shown to be a substantial factor in bringing about Plaintiffs' injuries, the Court is not persuaded that evidence of Pape's failure to initially fill the tank to its full capacity merely amounts to inadmissible character evidence under Rule 404(b)(1) of the Federal Rules of Evidence.

the Cobham Manual has is outweighed by the prejudice which will result from its admission. Fed. R. Evid. 403.  Specifically, Pape avers that allowing Plaintiff or Carleton to introduce the Manual to show that Pape did not follow it would unfairly prejudice Pape where "compliance or non-compliance with the steps contained in this document has nothing whatsoever to do with the subject tank becoming damages, exploding, *or the timing of the explosion.*"  (ECF No. 184 at 8 (emphasis added).)  However, an undisputed fact in this action is that William Johnson should not have been the first person to fully pressurize the truck to 3,600 psi with gas.  (ECF No. 121 at 6.)  Thus, evidence of who failed to pressurize the tank before William Johnson took delivery of the truck is one of the central issues of this case.  While the evidence may be prejudicial to Pape, the probative value of Pape's omissions is highly relevant to Plaintiffs' negligence claims and Carleton's crossclaim.  Accordingly, Pape's motion is denied without prejudice.  Relevant evidence of Pape's alleged negligence is subject to the parties laying proper foundation at trial and other evidentiary objections.

### 2. Pape's Motion *in Limine* No. 2

Pape's motion to admit evidence of B & N Trucking, Inc.'s share of liability for Plaintiffs' damages is denied for failure to comply with the Court's July 3, 2024 amended pretrial order (ECF No. 165) requiring that the parties engage in meaningful, genuine attempts to meet and confer prior to filing a motion *in limine*.

### 3. Pape's Motion in Limine No. 3

Pape's motion to preclude any use of, or proof concerning, the consumer expectation test or the risk utility test during the equitable allocation phase of trial is denied for failure to comply with the Court's July 3, 2024 amended pretrial order (ECF No. 165) requiring that the parties engage in meaningful, genuine attempts to meet and confer prior to filing a motion *in limine*.

The Court notes that even if Pape had complied with the Court's order, the Court would deny the motion because such request—particularly the request to preclude "proof concerning" both tests—is a blanket request for the exclusion of admissible evidence, irrespective of which test is applied.  However, the heart of the motion as to whether the consumer expectation test or risk utility test should be applied to the determination of equitable allocation among defendants is

well-taken and the parties should brief such issue in their trial briefs. The focus here is not what test to apply, except for Plaintiff Johnson's claim, but whether any strict liability test should be applied after Plaintiff's claim.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' motions *in limine* are granted in part and denied in part as follows:
    a. Plaintiffs' first motion *in limine* is GRANTED;
    b. Plaintiffs' second motion *in limine* is GRANTED;
    c. Plaintiffs' third motion *in limine* is GRANTED;
    d. Plaintiffs' fourth motion in *limine* is GRANTED;
    e. Plaintiffs' fifth motion in *limine* is GRANTED;
    f. Plaintiffs' sixth motion in *limine* is DENIED without prejudice; and
    g. Plaintiffs' seventh motion in *limine* is DENIED in part and GRANTED in part.
2. Defendant Momentum's motions *in limine* are granted in part and denied in part as follows:
    a. Momentum's first motion *in limine* is DENIED in part and GRANTED in part; and
    b. Momentum's second motion *in limine* is GRANTED.
3. Defendant Carleton's motions *in limine* are granted in part and denied in part as follows:
    a. Carleton's first motion *in limine* is DENIED without prejudice;
    b. Carleton's second motion *in limine* is DENIED without prejudice;
    c. Carleton's third motion *in limine* is GRANTED;
    d. Carleton's fourth motion *in limine* is DENIED without prejudice;
    e. Carleton's fifth motion *in limine* is DENIED without prejudice;
    f. Carleton's sixth motion *in limine* is DENIED without prejudice;

    g. Carleton's seventh motion *in limine* is GRANTED;

    h. Carleton's eight motion *in limine* is GRANTED;

    i. Carleton's ninth motion *in limine* is DENIED without prejudice; and

    j. Carleton's April 4, 2024 motion (ECF No. 130), reserved for ruling as a motion *in limine*, is DENIED without prejudice.

  4. Defendant Pape's motions *in limine* are denied as follows:

    a. Pape's first motion *in limine* is DENIED without prejudice;

    b. Pape's second motion *in limine* is DENIED; and

    c. Pape's third motion *in limine* is DENIED.

Counsel are expected to advise their witnesses of these rulings to ensure that their testimony is in conformity with these rulings. If a witness violates a prior court ruling regarding their testimony, the court may investigate whether sanctions and/or jury admonishments are appropriate, which may include asking the witness about counsel's efforts to advise the witness of the court's prior orders affecting the scope of his/her testimony.

IT IS SO ORDERED.

Dated: **December 9, 2024**

STANLEY A. BOONE
United States Magistrate Judge