# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEE JOHNSON, et al., | Case No. 1:19-cv-00105-SAB |
| Plaintiffs, | ORDER RE AMENDMENT TO PRETRIAL ORDER; PRETRIAL PROCEDURES; ALLOWING LIMITED TESTIMONY BY VIDEOCONFERENCE AND USE OF INDEPENDENT COURT REPORTER FOR PREPARATION OF UNOFFICIAL TRANSCRIPT |
| v. | |
| NATURAL GAS FUEL SYSTEMS, INC. D.B.A. MOMENTUM FUEL TECHNOLOGY, et al., | |
| Defendants. | (ECF No. 165) |

### A.    Trial Briefs

In the amended pretrial order (ECF No. 165), the Court permitted that trial briefs were optional. However, the Court amends its pretrial order to require that each party file a trial brief **no later than January 9, 2025.** The form and content of the trial brief must comply with Local Rule 285. Special attention shall be given in the trial brief to address reasonably anticipated disputes concerning the substantive law, jury instructions and/or admissibility of evidence. L.R. 285(a)(3). The parties need not include in the trial brief any issue that is adequately addressed in a motion in limine or in an opposition brief to a motion in limine.

### B.    Jury Selection

Plaintiffs William and Joan Johnson; Intervenor Plaintiff Markel; Defendant Momentum; Defendant Pape; and Defendant Carleton shall each be afforded twenty-five (25) minutes to voir

1  dire the jury.  The time limitation will be strictly enforced.

2      In a civil action, each party is entitled to three peremptory challenges.  28 U.S.C. § 1870.

3  "Several defendants or several plaintiffs may be considered as a single party for the purposes of

4  making challenges, or the court may allow additional peremptory challenges and permit them to

5  be exercised separately or jointly."  Id.  Section 1870 "prescribes only the number of peremptory

6  challenges to which each [p]arty is entitled. It specifically leaves to the trial court's discretion the

7  number and manner of exercise of peremptories in cases where there are '(s)everal defendants or

8  several plaintiffs.' "  Carr v. Watts, 597 F.2d 830, 832 (2d Cir. 1979) (quoting 28 U.S.C. §

9  1870); compare Meza-Perez v. Sbarro LLC, No. 23-15702, 2024 WL 4532903, at *5 (9th Cir.

10  Oct. 21, 2024)[1] (finding the district court did not abuse its discretion in treating defendants,

11  which were represented by different counsel and subject to different claims requiring different

12  defenses, as different parties and granting each party three peremptory challenges); Nehring v.

13  Empresa Lineas Maritimas Argentinas, 401 F.2d 767 (5th Cir. 1968) (finding the district court

14  did not abuse its discretion in refusing "to equalize the peremptory challenges, i.e.. to give the

15  [plaintiff] the same number of peremptory challenges" that the defendant and impleaded third

16  party were each allowed, ultimately determining an imbalance of three peremptories by the

17  plaintiff, three peremptories by defendant, and three peremptories by the impleaded party was

18  not an abuse of discretion), with Moore v. S. Afr. Marine Corp., 469 F.2d 280, 281 (5th Cir.

19  1972) (finding no error in the district court's requirement that two co-defendants—one which

20  filed a third party complaint for indemnity against the other—share the same number of

21  peremptory challenges allowed to plaintiff) and Rogers v. De Vries & Co., 236 F. Supp. 110, 111

22  (S.D. Tex. 1964) ("Under [28 U.S.C. § 1870] it was within the discretion of the Court to allow

23  three peremptory challenges to the Plaintiff and either allow a total of three to both defendants,

24  or three to each defendant to be exercised separately or jointly").

25      The Court has considered the parties' respective positions, claims, and crossclaims and

26  finds it appropriate to treat Plaintiffs and the Intervenor Plaintiff as a single party, and

27

28  [1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1 Momentum, Pape, and Carleton as a single party.  See 28 U.S.C. § 1870.  Due to the number of

2 plaintiffs and defendants, the Court will increase the number of peremptories per side by three

3 challenges.  In other words, the two Johnson plaintiffs and the Intervenor Plaintiff are entitled to

4 six peremptory challenges to be exercised jointly.  The Court finds Defendants, which are each

5 subject to the same claims by Plaintiffs and the Intervenor Plaintiff, are also entitled to six

6 peremptory challenges.  However, because Defendants Momentum, Pape, and Carleton assert

7 different crossclaims against each other and each have different defenses to those claims, the

8 Court shall divide the six peremptories equally between the Defendants.  Thus, the Court will

9 designate two peremptory challenges for Momentum, two peremptory challenges for Pape, and

10 two peremptory challenges for Carleton.  Defendants may exercise their two peremptory

11 challenges separately or some or all Defendants may exercise their challenges jointly without

12 court intervention.  Should any party file objections to the number of peremptory challenges,

13 such objections must include an alternate proposal with appropriate legal authority.  Any party

14 opposing those objections and/or alternative shall have three days to respond.

15       **C.    Bifurcation**

16       During October 2024 status conferences, it appeared to the Court that the parties agreed

17 the action was essentially an admitted liability case and the only issues remaining were

18 Plaintiffs' damages and Defendants' apportionment of fault.  It was the Court's understanding

19 that the parties agreed liability would be stipulated and that the trial would be bifurcated into two

20 phases: one phase for Plaintiffs' damages and a second phase for apportionment of fault amongst

21 Defendants.  On November 21, 2024, the Court ordered that the parties file a joint statement

22 confirming the parties' agreement to bifurcate the trial and the division of phases.  (ECF No.

23 196.)

24       On November 27, 2024, the parties filed a joint statement regarding bifurcation

25 representing that the parties agreed that the trial should be bifurcated.  (ECF No. 199.)  However,

26 the parties proffered the division of phases should be as follows: (1) Damages, then (2) "Liability

27 and Apportionment Issues."  (Id. at 2.)  As discussed at the December 4, 2024 hearing, the Court

28 is concerned with the effectiveness of a bifurcated trial where liability appears to now be at issue.

1    Instead, the Court finds that a bifurcated trial performed in the phases proposed by the parties

2    would confuse the jury, necessarily require cumulative evidence be presented, and extend rather

3    than streamline the trial.  Without objection at the December 4, 2024 hearing, the Court informed

4    the parties that the trial would not be bifurcated.  Trial shall proceed in a single phase and all

5    aspects of the case, including liability, damages, crossclaims, and allocation of fault, will be

6    presented and decided in one continuous proceeding.

7          As proposed by the parties at the December 4, 2024 hearing, the presentation of the

8    evidence in the single-phased trial shall be as follows: Plaintiffs William and Joan Johnson and

9    Intervenor Plaintiff Markel shall present their cases-in-chief; Defendant Momentum will present

10   its defense and case-in-chief for its crossclaims against Carleton; Defendant Pape will present its

11   defense and case-in-chief for its crossclaims against Carleton and Momentum; then Defendant

12   Carleton will present its defense case-in-chief for its crossclaims against Momentum and Pape.

13   Any party may reserve to make their opening argument until their case-in-chief is presented.

14         **D.    Court Reporter**

15         A shortage of court resources prevents the Court from making available a court reporter

16   to provide real-time transcripts.  The proceedings will be recorded via the Court's electronic

17   recording system (ECRO), and the parties will have the opportunity to order official daily

18   transcripts.

19         At the December 4, 2024 hearing, the parties raised the possibility of privately retaining a

20   court reporter.  The Court has reconsidered the parties' inquiry and shall allow the parties to

21   retain a court reporter to assist with expeditious transcription services given the Court's inability

22   to provide real-time transcripts.  However, the court reporter would not be preparing the official

23   transcript.  No citation shall be made to the court reporter's unofficial transcript either in this trial

24   or in future proceedings.  The parties may not stipulate to a private court reporter's transcript

25   serving as the official transcript.  Additionally, the court reporter must be physically present at

26   trial.  The parties would be responsible for any privately retained court reporter's compliance

27   with this Court's order and expectations regarding trial conduct and decorum.  Should the parties

28   proceed with contracting a court reporter to provide an unofficial and non-citable transcript, the

parties shall provide the court reporter's contact information **no later than January 6, 2025** to allow pretrial coordination with the Court's ECRO/relief courtroom deputy as to procedures that are expected in the courtroom.  The parties are advised that the Court may, for any reason, deem the use of the privately retained court reporter discontinued.

### E.   Witnesses Testifying Remotely

At the December 4, 2024 hearing, Plaintiffs indicated a desire to call a limited number of first responders and medical providers to testify by videoconference.  Plaintiffs represent that such witnesses may live in or around Los Angeles.  Provided all parties stipulate in writing to testimony through the use of remote technology, the Court finds good cause to allow certain first responders and medical providers to appear by videoconference.  See Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."); Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission."); see also Aoki v. Gilbert, No. 2:11-cv-02797-TLN-CKD, 2019 WL 1243719, at *2 (E.D. Cal. Mar. 18, 2019) ("[C]ourts have nonetheless found that geographical distance [combined with other factors] may indeed provide good cause and compelling circumstances to justify the witness's appearance by video.").  The parties are expected to agree to the logistics of presenting exhibits to witnesses and shall be prepared to present tangible exhibits to the jury during remote witness testimony.

IT IS HEREBY ORDERED that any objections to any of the provisions of this order shall be filed and served within **seven (7) days** of the date of entry of this order.

IT IS SO ORDERED.

Dated:   **December 9, 2024**

STANLEY A. BOONE
United States Magistrate Judge