# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEE JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATURAL GAS FUEL SYSTEMS, INC. D.B.A. MOMENTUM FUEL TECHNOLOGY, et al.,<br><br>Defendants. | Case No. 1:19-cv-00105-SAB<br><br>ORDER RE EXCLUSION OF MOMENTUM'S RETRIEVAL DAMAGES<br><br>(ECF Nos. 280, 285) |

## I.

## INTRODUCTION

Currently before the Court is Defendant Carleton Technologies, Inc.'s ("Cobham") request that the Court preclude evidence of damages incurred by Natural Gas Fuel Systems, Inc. d.b.a. Momentum Fuel Technology ("Momentum") relating to Momentum's recall of Cobham cylinders due to Momentum's failure to disclose such damages in its Rule 26 disclosures. Based upon the briefs submitted by the parties, as well as the Court's record, for the reasons explained herein, the Court finds Momentum's violation of Rule 26 warrants the sanction of precluding evidence at trial regarding the damages associated with Momentum's retrieval of Cobham's cylinders ("retrieval damages").[1]

---

[1] This Court's ruling on Cobham's motion *in limine* number seven otherwise stands: A party may be able to introduce underlying facts of Momentum's retrieval of tanks only to the extent it is relevant to a claim or crossclaim in this action

Momentum brings crossclaims against Cobham for (1) express indemnity relating to the Supply Agreement between Momentum and Cobham, the terms of which provide that Cobham would indemnify and defend Momentum for Plaintiffs' claims; (2) breach of contract relating to the Supply Agreement between Momentum and Cobham for Cobham's failure to defend, indemnify and hold Momentum harmless for the claims brought by Plaintiffs; (3) total equitable indemnity against Cobham in the event Momentum is found liable to Plaintiffs, (4) contribution against Cobham in the event Momentum is found liable to Plaintiffs, and (5) declaratory relief regarding Cobham's alleged duty to indemnify and defend Momentum relating to Plaintiffs' lawsuit. (ECF No. 28.)

Momentum's Rule 26 disclosure, as it relates to damages, states "Momentum has filed a cross-claim against Carleton Technologies, Inc. alleging causes of action for express contractual indemnity, breach of contract . . . . Momentum has not yet calculated its damages, but they are based on Carleton Technologies, Inc.'s indemnification of any losses that Momentum sustains as a result of Plaintiff's First Amended Complaint against Momentum, including attorney's fees and costs." (ECF No. 285 at 3.) Cobham avers Momentum's initial disclosure focuses only on damages stemming from Plaintiffs' first amended complaint, not from damages related to any costs incurred from the recall of any cylinders not involved in Plaintiffs' complaint. Cobham argues Momentum failed to disclose such damages in conformance with Rule 26 and requests that any evidence related to Momentum's purported retrieval damages be excluded.

Momentum does not dispute that it failed to disclose a computation of damages related to the retrieval of Cobham tanks. (ECF No. 280.) Momentum concedes it did not supplement its Rule 26 disclosure. Momentum avers, however, its nondisclosure was harmless because Cobham had sufficient notice of damages associated with the retrieval of the Cobham tanks. Alternatively, Momentum requests that if the Court declines to allow Momentum to present evidence of the specific amount of retrieval expenses as damages at trial, the jury should be allowed to determine whether Momentum is entitled to recover reimbursement for retrieval expenses.

---

and subject to other evidentiary objections. (ECF No. 206 at 8.)

2

## II.

## DISCUSSION

Rule 26(a) of the Federal Rules of Civil Procedure requires, in pertinent part, that parties provide to the other parties "a computation of each category of damages claimed by the disclosing party…." Fed. R. Civ. P. 26(a)(1)(A)(iii). This rule "requires parties to make a reasonable forecast of their damages so the opposing party may 'prepare for trial or make an informed decision about settlement.' " Montilla v. Walmart Stores, Inc., No. 2:13-CV-2348-GMN-VCF, 2015 WL 5458781, at *2 (D. Nev. Sept. 16, 2015) (citing Fed. R. Civ. P. 26(a), Advisory Comm. Notes (1993)). Litigants are required to supplement initial disclosures "in a timely manner if the party" making the disclosure learns "that some material respect" of the disclosure changed. Fed. R. Civ. P. 26(e)(1)(A). Rule 37(c) provides that "if a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The burden to prove substantial justification or harmlessness lies with the party facing sanctions. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) sanctions are "a self-executing, automatic sanction to provide a strong inducement for disclosure of material." Id. (internal quotations and citation omitted). However, district courts have discretion in determining whether to issue sanctions under Rule 37(c)(1). Id.

It is undisputed that Momentum failed to comply with Rule 26(a) or (e)'s disclosure requirements as it failed to provide a computation of its retrieval damages. Cobham argues Momentum's nondisclosure warrants the automatic sanction of exclusion as it is neither substantially justified nor harmless. The Court agrees. Momentum offers no reasonable justification for why it failed to comply with Rule 26. Momentum only argues its nondisclosure of retrieval damages is harmless because Cobham has been on notice of the potential for damages related to the retrieval of tanks. (ECF No. 280.) Momentum cites to three points of time whereby Cobham was purportedly on notice of such damages. First, Momentum contends that Cobham knew at the time Cobham and Momentum entered the Supply Agreement on July 20, 2017 that if Cobham provided Momentum a defective product, it could be recalled and liable for associated

1  damages. Momentum further argues Cobham was aware after the subject incident on December
2  21, 2018 that the tanks in the field were a safety risk and therefore required retrieval and
3  replacement. Momentum also contends that Cobham was put on notice of its purported retrieval
4  damages when Momentum filed its crossclaim against Cobham for breach of contract.

5        The Court is unpersuaded that Cobham's purported pre-litigation knowledge of the
6  *potential* for retrieval damages renders Momentum's failure to disclose "a computation of each
7  category of damages *claimed* by the disclosing party" harmless. Fed. R. Civ. P. 26(a)(1)(A)(iii)
8  (emphasis added). Holding such would allow parties to routinely circumvent disclosure under Rule
9  26. Further, Momentum's prayer for damages in its cross-complaint requests, in pertinent part, "[a]
10 judicial determination that Cobham breached the Supply Agreement entered into by and between
11 failing to provide Momentum with a defense and indemnity, and for all damages flowing
12 therefrom." (ECF No. 28 at 29.) The Court agrees with Cobham that neither the facts alleged in
13 Momentum's crossclaims nor its prayer for damages places Cobham on sufficient notice that "all
14 damages flowing" from failing to provide Momentum with a defense and indemnity to Plaintiffs'
15 claims included costs associated with Momentum's retrieval of all Cobham tanks in the field
16 following the subject incident on December 21, 2018. Momentum's failure to disclose a
17 computation of retrieval damages or otherwise provide notice of such costs did not provide Cobham
18 sufficient notice that such damages were being sought.

19       Momentum's nondisclosure of retrieval damages is not harmless, particularly given the
20 procedural posture of this action. Cobham contends it was not afforded the opportunity over the
21 past six years of litigation to conduct discovery on any claim for Momentum's additional costs
22 related to retrieving Cobham cylinders. Cobham avers it only learned of Momentum's claim while
23 the parties were drafting a proposed verdict form on the eve of trial. (ECF No. 285.) Indeed,
24 Cobham's instant request to exclude evidence comes mid-trial following Momentum's attempt to
25 elicit testimony regarding retrieval damages. Momentum's nondisclosure until trial therefore
26 prevented Cobham from being able to make an informed decision about settlement or adequately
27 prepare a proportional defense for trial. See Boswell v. Costco Wholesale Corp., No. SA-CV-
28 1600278-DOC-DFMX, 2017 WL 2727769, at *1 (C.D. Cal. Jan. 19, 2017) (noting that the purpose

of Rule 26 is to accelerate the exchange of basic information necessary to prepare for trial or make an informed decision about settlement.).  The Court finds Momentum's untimely claim of an unspecified amount of retrieval damages would prejudice Cobham by, in effect, adding a new breach of contract theory during trial.  See Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (noting factors courts use to determine justification or harmlessness include prejudice or surprise to the party against whom the evidence is offered and the likelihood of disruption of the trial).  Such theory would disrupt and prolong the ongoing trial.  The Court finds Momentum has failed to meet its burden to show its failure to comply with Rule 26 is neither substantially justified nor harmless.

Here, the harm from Momentum's disclosure cannot be easily remedied.  Discovery has long closed, and trial is ongoing.  The Court will not reopen discovery through witnesses providing live testimony.  The Court determines no less drastic sanction than exclusion of evidence related to retrieval damages at trial will remedy the prejudice to Cobham caused by Momentum's failure to comply with its disclosure requirements.  See Fed. R. Civ. P. 37(c)(1).

### III.
### CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED that evidence related to the costs associated with Momentum's retrieval of Cobham's tanks is EXCLUDED.

IT IS SO ORDERED.

Dated:   **January 28, 2025**

STANLEY A. BOONE
United States Magistrate Judge